IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM and PLUMBERS LOCAL UNION 519 PENSION TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL C. USTIAN, ROBERT C. LANNERT, MARK T. SCHWETSCHENAU, NAVISTAR INTERNATIONAL CORPORATION, and DELOITTE & TOUCHE LLP,<br><br>Defendants. | Case No. 07-cv-07014<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Nan R. Nolan |

## DELOITTE & TOUCHE'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(B)

Defendant Deloitte & Touche LLP ("D&T") hereby moves, pursuant to Fed. R. Civ. P. 54(b), for entry of final judgment in its favor. In support of its motion, D&T states as follows:

1. This litigation began in late 2007 with the filing of several class action complaints naming D&T and various co-defendants, Navistar International Corporation and three current or former Navistar executives (collectively, the "Navistar defendants").

2. By order dated March 18, 2008, the Court named Norfolk County Retirement System and Plumbers Local Union 519 Pension Trust to serve as Lead Plaintiffs.

3. On May 8, 2008, Lead Plaintiffs filed a three-count, 200-page, 542-paragraph putative consolidated class action complaint (the "Consolidated Complaint") against D&T and the Navistar defendants. Only Count II purports to state a claim against D&T (under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 24.10b-5).

4. All defendants moved to dismiss the Consolidated Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

5. On July 28, 2009, the Court issued a comprehensive Memorandum Opinion and Order denying the motions of the Navistar defendants, but granting D&T's motion to dismiss.

6. Although the Court dismissed the lone claim against D&T, that dismissal is not now final for purposes of appeal, given that Lead Plaintiff's claims against the Navistar defendants remain pending.

7. Federal Rule 54(b) nevertheless authorizes the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." The Seventh Circuit has emphasized repeatedly that the Rule is written in the disjunctive, and that it applies fully when, as here, all claims against a single party have been dismissed (regardless of whether related claims remain pending against another party). For example, in *Illinois Bell Telephone Co., Inc. v. Global Naps Illinois, Inc.*, 551 F. 3d 587, 596 (7th Cir. 2008), the Court, speaking through Judge Posner, rejected as "frivolous" the appellant's challenge to the district court's entry of final judgment under Rule 54(b) dismissing one defendant for lack of personal jurisdiction. Regardless of whether "the question of personal jurisdiction over Ferrous Miner is entwined with questions involving other defendants," as urged by the appellant, the language of Rule 54(b) is clear: "Multiple claims *or* multiple parties. If there is one claim but multiple parties, the court can enter judgment as to one or more of the parties, releasing them from the threat of liability." *Id.* (emphasis in original).

8. Likewise, in *National Metalcrafters v. McNeil*, 784 F.2d 817, 820-21 (7th Cir. 1986), the Court of Appeals held that although "[t]he pendency in the district court of a counterclaim based on the same facts as the claim which the court dismissed would ordinarily

preclude an immediate appeal," a different outcome was required because "there is a separate and adequate ground for the use of Rule 54(b) in this case. An order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties." Accord, *e.g.*, *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990) (per curiam) (entry of final judgment under Rule 54(b) proper because the district court's order "disposes of all claims against Brovold and Folkedahl"); *Walker v. Maccabees Mutual Life Ins. Co.*, 753 F.2d 599, 601 (7th Cir. 1985) ("The claim retained in the district court involves Maccabees and Sun, while the claim that is the subject of the appeals before us involves Maccabees, CNA, and Mrs. Walker. The fact that the two claims have one party in common is not enough to defeat the application of the separate-parties ground of Rule 54(b)."); *Banque Paribas v. Hamilton Indus. Int'l, Inc.*, 767 F.2d 380, 383 (7th Cir. 1985) (entry of final judgment under Rule 54(b) proper because the district court's orders "disposed of the entire dispute between Paribas and Hamilton").

9. Accordingly, this Court may enter final judgment in D&T's favor pursuant to Rule 54(b). And it should do so because, in the language of the Rule, "there is no just reason for delay." "The purpose of Rule 54(b) in allowing entry of judgment for or against a party in a multiparty case even though the party's claim overlaps the claims of other parties is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517-18 (7th Cir. 1999). See *Nat'l Metalcrafters*, 784 F.2d at 821 (defendant should not "have to wait till the end of what may be protracted proceedings in the district court to find out for sure whether he is, as the district court found, not violating any rights of the plaintiff"); *Walker*, 753 F.2d at 601

("There is no reason why CNA and Mrs. Walker should have to wait for the outcome of the battle between Maccabees and Sun in order to get a definitive resolution of their rights.").

10. So, too, here. D&T has been living under the cloud of this litigation for well over eighteen months, and the coming fight between Lead Plaintiffs and the Navistar defendants—which it took Lead Plaintiffs hundreds of pages just to allege—promises to be "protracted" in the extreme. D&T should not have to wait for the combatants to slug it out before obtaining a "definitive resolution" eliminating the threat of what plaintiffs claim is a substantial exposure.

11. Courts dealing with similar motions in securities cases following the dismissal of an auditor defendant likewise have recognized that "the interests of judicial efficiency strongly militate in favor of granting" such motions. *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575, 2007 WL 1026347, at *5 (S.D. Ohio March 29, 2007). While there is little risk here that the Court's dismissal of D&T will be reversed on appeal, *if* that were to occur, judicial economy would best be served by having it happen sooner rather than later. *Id.* ("If the Sixth Circuit overturns this Court's decision and reinstates that claim against E&Y, the Court only will have to conduct one trial. If the judgment in favor of E&Y does not become final until the conclusion of all claims against all Defendants, and then the Sixth Circuit overturns this Court's decision, the Court will have to conduct a separate trial with E&Y as the only defendant. A duplicative trial in a case of this magnitude would be a colossal waste of judicial resources."); *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 397 (S.D.N.Y. 2003) ("costly and duplicative proceedings can be avoided by a Court of Appeals ruling on the sufficiency issue prior to the completion of discovery"). See *Fidel v. Farley*, 392 F.3d 220, 223 (6th Cir. 2005) (noting that though the district court had denied motions to dismiss filed by corporate defendants, it had granted Ernst & Young's motion "and a motion for entry of final judgment under Federal Rule of

Civil Procedure 54(b)") (overruled on other grounds by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).

12.   Thus, this Court should enter final judgment in D&T's favor because (a) the Court has dismissed all claims against D&T, (b) D&T should not have the threat of a revived claim hanging over its head for the years it will take to resolve the surviving claims against the Navistar defendants, and (c) doing so will eliminate the risk of a duplicative trial.

WHEREFORE, D&T respectfully requests that the Court grant its motion and direct entry of final judgment in D&T's favor pursuant to Fed. R. Civ. P. 54(b) based on the Court's express determination that there is no just reason for delay.

August 3, 2009                                    Respectfully submitted,


                                                  /s Jonathan C. Medow
                                                  Jonathan C. Medow
                                                  James E. Barz
                                                  MAYER BROWN LLP
                                                  71 S. Wacker Dr.
                                                  Chicago, IL 60606
                                                  312-782-0600

                                                  Attorneys for Deloitte & Touche LLP

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2009, I electronically filed the foregoing **DELOITTE & TOUCHE'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(B)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**James A. Harrod**
Lester L. Levy
E. Elizabeth Ferguson
WOLF POPPER, LLP
845 Third Avenue
12th Floor
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
*Attorneys for The Norfolk County Retirement System*

**Jack Reise**
Douglas Wilens
Elizabeth A. Shonson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
*Attorneys for Plumbers Local Union No. 519 Pension Trust*

**C. Philip Curley**
Fay Clayton
Aleeza M. Strubel
Michael J. O'Donnell
ROBINSON, CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606
Telephone: (312) 663-3100
Facsimile: (312) 663-0303

**Laurence Harvey Levine**
Laurence H. Levine Law Offices
190 South LaSalle
Suite 3120
Chicago, IL 60603
Telephone: (312) 927-0625

*Counsel for Defendants Daniel C. Ustian, Robert C. Lannert, Navistar International Corporation*

**Cary R. Perlman**
Sean M. Berkowitz
Mark S. Mester
Robin M. Hulshizer
Matthew L. Kutcher
Robert C. Levels
LATHAM & WATKINS LLP
233 South Wacker Drive
5800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
*Counsel for Defendants Daniel C. Ustian, Robert C. Lannert, Navistar International Corporation*

**Patrick Sean Coffey**
Matthew Sears Klepper
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (312) 896-6702
*Counsel for Defendant Mark T. Schwetschenau*

/s Jonathan C. Medow
Jonathan C. Medow