# LATHAM&WATKINS LLP

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 25, 2010

Hon. Nan R. Nolan
United States Magistrate Judge
United States District Court
    for the Northern District of Illinois
219 South Dearborn Street, Room 1870
Chicago, Illinois 60604

Re:     Norfolk County Ret. Sys. et al. v. Ustian et al., 07-cv-7014 (RJG) (NRN)

Dear Judge Nolan:

    We represent Defendants Navistar International Corporation ("Navistar"), Daniel C. Ustian and Robert C. Lannert in the above-captioned action and are writing to bring to the Court's attention a recent opinion that directly informs Lead Plaintiffs' Motion to Compel Production of Documents From Defendants, which is currently pending before Your Honor.

    In its Motion, Lead Plaintiffs seek production of documents that Navistar previously provided to the United States Securities and Exchange Commission ("SEC"). As set forth in Navistar Defendants' Opposition to Lead Plaintiffs' Motion to Compel, Navistar produced privileged and work product documents to the SEC pursuant to a strict confidentiality agreement that limited distribution of the documents and expressly provided that the production to the Government did not constitute a waiver of the attorney client privilege or work product protection. Under the selective waiver doctrine, those privileged documents remain protected from production to Lead Plaintiffs.

    In *Police and Fire Reirement System of the City of Detroit v. SafeNet, Inc.*, 2010 U.S. Dist. LEXIS 23196 (S.D.N.Y. March 11, 2010), which is enclosed, Judge Crotty of the Southern District of New York addressed the same issue now before Your Honor. In that case, plaintiffs sought production of privileged documents, arguing that SafeNet had waived the privilege protection afforded to those documents by producing them to the SEC. The Court held that because SafeNet had produced the privileged materials to the SEC rather than private litigants, and did so pursuant to confidentiality agreements, SafeNet had an expectation of confidentiality that should be protected. The Court noted that "[t]here is a strong public interest in encouraging disclosure and cooperation with law enforcement agencies; violating a cooperating party's confidentiality expectations jeopardizes this public interest." *Id.* at *7. The Court therefore denied plaintiffs' motion to compel. *Id.* at *8.

LATHAM&WATKINS LLP

    As demonstrated in Navistar's Opposition, the same reasoning should apply to the documents Navistar produced to the SEC.

                              Respectfully,

                              */s/ Matthew L. Kutcher*

                              Matthew L. Kutcher
                              of LATHAM & WATKINS LLP

Enclosure

cc:    Counsel of Record via ECF



1 of 3 DOCUMENTS

**POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs, -against- SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK, Defendants.**

06 Civ. 5797 (PAC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2010 U.S. Dist. LEXIS 23196*

March 11, 2010, Decided
March 12, 2010, Filed

**COUNSEL:** [*1] For Police and Fire Retirement System of the City of Detroit, On Behalf of Itself and all Others Similarly Situated, Plaintiff: Douglas M. McKeige, Gerald Harlan Silk, LEAD ATTORNEYS, Samuel Jay Lieberman, William Curtis Fredericks, Bernstein Litowitz Berger & Grossmann LLP, New York, NY; Joel H. Bernstein, Nicole M. Zeiss, LEAD ATTORNEYS, Jonathan Gardner, Lawrence Alan Sucharow, Labaton Sucharow, LLP, New York, NY; Matthew P. Siben, Bernstein Litowitz Berger & Grossman LLP, San Diego, CA.

For Michael J. Golde, on behalf of himself and all others similarly situated, Consolidated Plaintiff: Joel H. Bernstein, LEAD ATTORNEY, Jonathan Gardner, Lawrence Alan Sucharow, Labaton Sucharow, LLP, New York, NY; Samuel Jay Lieberman, William Curtis Fredericks, Bernstein Litowitz Berger & Grossmann LLP, New York, NY.

For Plymouth County Retirement System, State-Boston Retirement System, Consolidated Plaintiffs: Jonathan Gardner, Lawrence Alan Sucharow, Labaton Sucharow, LLP, New York, NY; Samuel Jay Lieberman, William Curtis Fredericks, Bernstein Litowitz Berger & Grossmann LLP, New York, NY.

For Safenet, Inc., Shelley A. Harrison, Andrew E. Clark, Defendants: Jordan Toumey Razza, LEAD ATTORNEY, [*2] Andrew Hunter Reynard, Sullivan & Cromwell, LLP(NYC), New York, NY; Richard Howard Klapper, LEAD ATTORNEY, Sullivan and Cromwell, LLP(NYC), New York, NY; Thomas R. Leuba, LEAD ATTORNEY, Sullivan & Cromwell LLP (Washington DC), Washington, DC.

For Anthony A. Caputo, Defendant: John Arak Freedman, LEAD ATTORNEY, Arnold & Porter, LLP (DC), Washington, DC; Anthony D Boccanfuso, Arnold & Porter, LLP, New York, NY; Elizabeth Jean Betta, Joshua P. Wilson, PRO HAC VICE, Arnold & Porter, LLP (DC), Washington, DC.

For Kenneth A. Mueller, Defendant: Deborah Rochelle Meshulam, DLA Piper US LLP (NY), New York, NY; Jonathan D. King, DLA Piper LLP, Chicago, IL; Joseph Collins, PRO HAC VICE, DLA Piper LLP, Chicago, IL; Samuel B. Isaacson, DLA Piper US LLP, Chicago, IL.

Case 1:07-cv-07014 Document 155 Filed 03/25/10 Page 4 of 5

Page 2
2010 U.S. Dist. LEXIS 23196, *

For Carole D. Argo, Defendant: Paul Adam Engelmayer, LEAD ATTORNEY, Wilmer, Cutler, Hale & Dorr, L.L.P. (NYC), New York, NY; Benjamin C. Brown, PRO HAC VICE, Wilmer Cutler Pickering Hale & Dorr L.L.P. (DC), Washington, DC; Matthew Benjamin Holmwood, Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P., Washington, DC.

For Thomas A. Brooks, Ira A. Hunt, Jr., Bruce R. Thaw, Arthur L. Money, Defendants: Jill M. Baisinger, LEAD ATTORNEY, PRO HAC [*3] VICE, Morgan, Lewis & Bockius LLP (Philadelphia), Philadelphia, PA; Christian J. Mixter, Morgan Lewis & Bockius, LLP (NYC), New York, NY; Jason Harold Wilson, Morgan Lewis & Bockius, LLP (PA), Philadelphia, PA.

For Walter W. Straub, Defendant: Jordan Toumey Razza, LEAD ATTORNEY, Sullivan & Cromwell, LLP(NYC), New York, NY; Richard Howard Klapper, LEAD ATTORNEY, Sullivan and Cromwell, LLP(NYC), New York, NY; Thomas R. Leuba, LEAD ATTORNEY, Sullivan & Cromwell LLP (Washington DC), Washington, DC.

For Vu T Nguyen, Movant: Catherine A. Torell, LEAD ATTORNEY, Cohen Milstein Sellers & Toll P.L.L.C., New York, NY.

For Plymouth County Retirement System, State-Boston Retirement System, Movants: Emily C. Komlossy, Nicole M. Zeiss, LEAD ATTORNEYS, Joel H. Bernstein, Jonathan Gardner, Lawrence Alan Sucharow, Labaton Sucharow, LLP, New York, NY; Gerald Harlan Silk, Samuel Jay Lieberman, William Curtis Fredericks, Bernstein Litowitz Berger & Grossmann LLP, New York, NY.

For Pension & Annuity Fund Group, Movant: David Avi Rosenfeld, Coughlin Stoia Geller Rudman & Robbins, LLP (LI), Melville, NY.

**JUDGES:** HONORABLE PAUL A. CROTTY, United States District Judge.

**OPINION BY:** PAUL A. CROTTY

**OPINION**

*OPINION & ORDER*

HONORABLE PAUL A. CROTTY, [*4] United States District Judge:

Plaintiffs The Police and Fire Retirement System of Detroit, Plymouth County Retirement System, the State-Boston Retirement System, and Michael Golde ("Plaintiffs") instituted this securities-fraud class action against SafeNet Inc. ("SafeNet"), six of the company's former directors, and three of its former officers ("Defendants"). On May 18, 2006, prior to the commencement of this action, SafeNet announced that it was under investigation by the Securities and Exchange Commission (the "SEC") and the United States Attorney's Office for the Southern District of New York (the "USAO"). During the course of that investigation, SafeNet produced both privileged and non-privileged documents. The privileged materials include: (i) thirty-nine interview memoranda prepared by counsel in anticipation of litigation, and (ii) a report of SafeNet's Special Litigation Committee, summarizing counsel's conclusions and recommendations regarding the investigation (together, the "Privileged Materials").

At the outset of discovery in this action, SafeNet agreed to produce non-privileged documents that it had previously produced to the SEC and USAO. On February 22, 2010, Plaintiffs [*5] wrote to the Court seeking to compel the production of the Privileged Materials. The Court denies Plaintiffs' request.

SafeNet produced the Privileged Materials to the SEC and USAO pursuant to confidentiality agreements (the "Confidentiality Agreements"). The Confidentiality Agreements contain a non-waiver provision that preserves SafeNet's privilege claims against subsequent third-party private litigants regarding the Privileged Materials. Plaintiffs argue that - notwithstanding the Confidentiality Agreements - by producing the Privileged Materials, SafeNet waived any right to assert either the attorney client privilege or attorney work product doctrine. SafeNet argues, in response, that the Court should apply the selective waiver doctrine, which permits the holder of attorney-client and work-product protections to produce privileged material to government investigators and still retain privilege claims as to private third-party litigants. According to SafeNet, its disclosure of the Privileged Materials to the SEC and USAO pursuant to the Confidentiality Agreements did not waive its right to assert privilege claims against private third party litigants like Plaintiffs.

The Second Circuit [*6] has declined to adopt a *per se* rule against selective waiver, instead holding that courts should assess selective waiver on a case-by-case basis. *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993). The *Steinhardt* Court reasoned that a *per se* rule against selective waiver would not account for situations where, like here, "the SEC and the disclosing party have entered into an explicit agreement that the SEC will maintain the confidentiality of the disclosed materials." *Id.* *Steinhardt* did not hold that entering into a confidentiality agreement necessarily preserves the disclosing party's right to assert discovery privileges against subsequent private litigants, but the Court's language is nevertheless suggestive, prompting district courts within the Second Circuit to give the existence of confidentiality agreements weighty consideration in rendering selective waiver decisions. *See e.g., United States v. Wilson*, 493 F.Supp. 2d 348, 362-63 (E.D.N.Y. 2006); *In re Natural Gas Commodities Litig.*, 232 F.R.D. 208, 211 (S.D.N.Y. 2005); *Maruzen Co. v. HSBC USA, Inc.*, 2002 U.S. Dist. LEXIS 13288, at *5 (S.D.N.Y. 2002); *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995).

In [*7] arguing against applying the selective waiver doctrine, Plaintiffs rely heavily on Judge Scheindlin's decision *In re Initial Pub. Offering Sec. Litig.*, 249 F.R.D. 457, 458 (S.D.N.Y. 2008) (holding that, despite a confidentiality agreement, voluntary disclosure of attorney work product to a governmental investigative body waives privilege absent special circumstances). In that case, however, Judge Scheindlin noted that the disclosing party made "repeated voluntary disclosures to adversarial parties." *Id. at 466*. Here, by contrast, SafeNet has not undermined the confidentiality of the Privileged Materials through repeated voluntary disclosures to adversarial parties.

The factual circumstances in this case favor applying the selective waiver doctrine. SafeNet produced the Privileged Materials to the government, not private litigants, pursuant to Confidentiality Agreements that provide for non-waiver. The Court recognizes SafeNet's expectations of confidentiality. There is a strong public interest in encouraging disclosure and cooperation with law enforcement agencies; violating a cooperating party's confidentiality expectations jeopardizes this public interest. Plaintiffs have not demonstrated [*8] a pressing need for the Privileged Materials: they have access to the underlying factual documents; the Privileged Materials consist only of counsel's analytical processes. Accordingly, under *Steinhardt's* case-specific selective waiver test, Plaintiffs' request to compel production of the Privileged Materials is DENIED.

Dated: New York, New York

March 11, 2010

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY

United States District Judge