**Robbins Geller Rudman & Dowd LLP**

Atlanta  Melville  Philadelphia  San Francisco
Boca Raton  New York  San Diego  Washington, DC

Jack Reise
JReise@rgrdlaw.com

March 31, 2010

<u>VIA ECF</u>

The Honorable Nan R. Nolan
United States Magistrate Judge
United States District Court
Northern District of Illinois
219 South Dearborn Street, Room 1870
Chicago, Illinois 60604

Re: *Norfolk County Ret. Sys. et al. v. Ustian et al.*, 07-cv-7014 (RJG) (NRN)

Dear Judge Nolan:

We represent the Lead Plaintiffs in the above-captioned action and write in response to the letter and supplemental authority submitted by Defendants Navistar International Corporation ("Navistar"), Daniel C. Ustian, and Robert C. Lannert on March 25, 2010. [Dkt. No. 155]. In short, the authority submitted by Defendants – *Police and Fire Retirement Sys. of the City of Detroit v. SafeNet, Inc.*, 2010 U.S. Dist. LEXIS 23196 (S.D.N.Y. March 11, 2010) – has no bearing on Plaintiffs' Motion to Compel now pending before Your Honor. [Dkt. No. 139].

*First*, the issue in *SafeNet* was limited to whether the plaintiffs were entitled to discovery of materials "consist[ing] only of counsel's analytical processes" where such materials were produced to the Securities & Exchange Commission ("SEC") pursuant to a non-waiver provision of a confidentiality agreement between the entities. *Id*. at *4, *8. Importantly, "[a]t the outset of discovery [in *SafeNet*], SafeNet agreed to produce non-privileged documents [to the plaintiffs] that it had previously produced to the SEC and USAO." *Id*. at *4. In sharp contrast here, Navistar has refused to produce any ***non-privileged*** documents it provided to the SEC. Thus, *SafeNet* decision provides no justification for Defendants' blanket refusal to produce these non-privileged documents to Plaintiffs.

*Second*, the court in *SafeNet* held that the plaintiffs did not demonstrate a "pressing need" to justify discovery of the privileged documents provided to the SEC because the plaintiffs already had "access to the underlying factual documents," and the privileged materials consisted solely of "counsel's analytical processes." *See id*. at *7-*8. Here, Navistar has refused to provide Plaintiffs with "access to the underlying factual documents." As a result, and unlike in *SafeNet*, because Navistar has refused to provide the underlying non-privileged documents to Plaintiffs, such "pressing need" for the production of privileged documents exists here.

120 East Palmetto Park Road  Suite 500  Boca Raton, FL  33432  Tel 561 750 3000  Fax 561 750 3364  rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

The Honorable Nan R. Nolan
March 31, 2010
Page 2

*Third*, the court predicated its decision to uphold the selective waiver doctrine in *SafeNet* on the fact that "SafeNet has not undermined the confidentiality of the Privileged Materials through repeated voluntary disclosures to adversarial parties." *See id.* at *7. Even if the selective waiver doctrine was otherwise applicable in this case – which it is not – as set forth in Plaintiffs' reply memorandum in support of the Motion to Compel, Plaintiffs have not had an opportunity to conduct discovery on Navistar's confidentiality agreement with the SEC and whether Navistar and/or the SEC have complied with its provisions. *See* Dkt. No. 145 at 10-12. As a result, Defendants have not established the proper predicate for finding the selective waiver doctrine applicable here.

Defendants have also likely waived their privilege arguments based on the selective waiver doctrine related to certain of the documents that they will withhold from production. In a Sarbanes-Oxley whistleblower proceeding against Navistar and Defendant Ustian (among others), a Department of Labor Administrative Law Judge has already held that Navistar's production to the SEC of a purportedly privileged report prepared by law firm Sidley Austin in connection with a fact-finding investigation of the restatement at issue here constituted a waiver and compelled Navistar to produce the documents. *In the Matter of Luis Fernandez v. Navistar Int'l Corp. et al.*, Case No. 2009-SOX-43, 2009 DOLSOX LEXIS 69 (U.S. Department of Labor, Office of Administrative Law Judges, Oct. 16, 2009) (attached as **Exhibit A**). In that matter, the Administrative Law Judge concluded that even though "Navistar had a confidentiality agreement with the SEC, I find that the attorney-client privilege was waived when Navistar knowingly disclosed the Sidley Report to a third party." *Id.* at *37 (*See* Ex. A, p. 11).

*SafeNet* does not validate Navistar's refusal to provide any ***non-privileged*** documents to Plaintiffs when the Company has already gathered and produced these documents to the SEC. As demonstrated by the fact that they are relying on *SafeNet* to avoid production of purportedly privileged documents, Defendants have reviewed the materials produced to the SEC and identified those documents that are privileged. Thus, producing the non-privileged material and a privilege log will pose no burden. Likewise, Navistar has provided no justification for refusing to provide purportedly privileged documents as it has neither: (1) provided a privilege log detailing why it deems such materials to be protected from disclosure, nor has it (2) allowed for discovery related to its compliance with its confidentiality agreement with the SEC. Accordingly, and consistent with Plaintiffs' Motion to Compel and reply in support thereof, Navistar should be compelled to provide Plaintiffs the documents that it already gathered, reviewed, and produced to the SEC.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Nan R. Nolan
March 31, 2010
Page 3

ROBBINS GELLER RUDMAN & DOWD LLP

By: _____
JACK REISE

WOLF POPPER LLP

By: _____
JAMES A. HARROD

ENCLOSURE

cc: Counsel of Record via ECF