# LATHAM&WATKINS LLP

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 6, 2010

**VIA ECF**

Hon. Nan R. Nolan
United States Magistrate Judge
United States District Court
   for the Northern District of Illinois
219 South Dearborn Street, Room 1870
Chicago, Illinois 60604

      Re:    *Norfolk County Ret. Sys. et al. v. Ustian et al.*, 07-cv-7014 (RJG) (NRN)

Dear Judge Nolan:

      We represent Defendants Navistar International Corporation ("Navistar"), Daniel C. Ustian, and Robert C. Lannert in the above-captioned action, and write in response to the letter and supplemental authority submitted by Lead Plaintiffs on March 31, 2010 (Docket No. 156).

      Lead Plaintiffs' letter purports to respond to the March 25, 2010 submission by Navistar of the recent opinion in *Police and Fire Retirement System of the City of Detroit v. SafeNet, Inc.*, 06 Civ. 5797 (PAC), 2010 U.S. Dist. LEXIS 23196 (S.D.N.Y. Mar. 11, 2010) [Docket No. 155], and cites as supplemental authority a ruling of an Administrative Law Judge ("ALJ") in *Fernandez v. Navistar International Corp.*, No. 2009-SOX-43, 2009 DOLSOX LEXIS 69 (Dep't of Labor Oct. 16, 2009).[1]

      Navistar submitted its March 25, 2010 letter as further authority that supports Your Honor's ruling in *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 237 F.R.D. 176 (N.D. Ill. 2006). In both cases, production of privileged and work product documents to the SEC pursuant to a strict confidentiality agreement did not constitute a waiver of the attorney-client privilege or of work product protections. Lead Plaintiffs' arguments have no impact on Navistar's objection to the request that Navistar produce the entire production it made to the SEC, regardless of whether the documents were protected by the attorney-client privilege or the attorney work product doctrine.

---

[1] Lead Plaintiffs' citation to the ALJ's ruling in *Fernandez* goes beyond the scope of Navistar's March 25, 2010 submission. The *Fernandez* ruling was issued in October 2009. If Lead Plaintiffs wanted to rely on that ruling, they should have cited it in the briefing on their motion to compel.

LATHAM&WATKINS LLP

*First* and foremost, the Court need not address the selective waiver issue at this time. As set forth in Navistar's Opposition to Lead Plaintiffs' Motion to Compel, the SEC documents requested by Lead Plaintiffs – both privileged and non-privileged – have no bearing on the class certification issue. This now is Lead Plaintiffs' third submission to the Court concerning the documents in question and they have yet to provide any credible explanation of how these documents inform the analysis of class certification under Rule 23. Thus, under Judge Gettleman's scheduling order, there is no basis for the production of the SEC documents at this time.

*Second*, Lead Plaintiffs' letter mischaracterizes the ruling of the ALJ in *Fernandez v. Navistar*. The ruling in question, which concerns one document in the SEC production, is a non-final discovery order in an administrative proceeding before the Department of Labor ("DOL"). The proceeding itself – which is before the ALJ after the DOL investigated and dismissed the matter for lack of merit – is currently stayed. The document in question has not been produced in *Fernandez*, and Navistar has preserved its appeal rights as to the issue of selective waiver. The limited and interim nature of that order means that it has no preclusive effect on the issue before the Court in this case. *See Coleman v. Comm'r*, 16 F.3d 821, 830 (7th Cir. 1994) (holding that for issue preclusion to apply, "there must be a final judgment in the first action") (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)); *see also Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000) (determination of the issue must have been "essential to the final judgment"). In addition, the ruling applies only to the document at issue in *Fernandez* and not to the potentially hundreds of other documents in the SEC production protected by the attorney-client privilege and work product doctrine.

Moreover, the ALJ in *Fernandez* found that the document at issue, a report prepared by attorneys at Sidley Austin LLP at the request of Navistar, was "intended to be kept confidential" and is protected from production by the attorney-client privilege and the work product doctrine. *Fernandez*, 2009 DOLSOX LEXIS 69 at *17, *25. The ALJ went on to reject—improperly, we believe—this Court's holding in *Jaffe*, and disregarded Navistar's attempts to maintain the confidentiality of the documents, ruling that the privilege had been waived by production to the SEC. *Fernandez*, 2009 DOLSOX LEXIS 69 at *36. Should the currently-stayed *Fernandez* case reach judgment, Navistar intends to appeal the ruling on those grounds, as it is clearly at odds with *Jaffe*, and this Court is therefore not bound by, and should not follow, its holding.

*Third*, Lead Plaintiffs' attempt to distinguish *SafeNet* fails. Lead Plaintiffs' focus on the fact that the defendants in *SafeNet* had produced non-privileged documents to the plaintiffs misses the point. As set forth in Navistar's Opposition to Lead Plaintiffs' Motion to Compel, Navistar's production to the SEC includes privileged and non-privileged documents that have not yet been reviewed for privilege or work product. Not only would production of those documents violate Judge Gettleman's scheduling order in this case, it would be unduly burdensome for

LATHAM&WATKINS LLP

Navistar to review those documents now simply to produce a subset of non-privileged documents which have no bearing on class certification. At this stage of the litigation, there is simply no reason to compel Navistar to go through that time-consuming and expensive process.

Respectfully,

B. John Casey
of LATHAM & WATKINS LLP

cc:   Counsel of Record via ECF